M’Kean, C. J.
I have taken time to deliberate on this matter, my brethren being stockholders of the North American Bank, and declining on that account to give any opinion.
This declaration is good in substance. The opinion of Buller, cited from 3 Term Rep. 83, goes the whole length of this case. Adjudications in England since the revolution, are not eqnally binding on us as those previous to our declaration of independencei But where they are founded on sound principles of law, general convenience applicable to our local situation, and good sense, they will have weight. Every indorsement of a bill of exchange is considered as a new bill. After the day of payment in a note is expired,, the indorser cannot be looked on otherwise than as a new drawer. The defendant here cannot be supposed to give a warranty for Rendon, who was then about to leave the continent, and sail for Europe. This would be 'an absurd notion. The parties must necessarily have meant something else; and it is obvious that the defendant’s indorsement must have been considered as an original undertaking, to become responsible for the amount of the principal and' interest. It certainly must have been so understood at the time by all the parties; and the substantial justice of the case demands that I should pronounce
Judgment for the plaintiff.
In 8 S. & R., 355, Duncan, J., “The Bank of North America v. Barriere, I Yeates, 360, is a decision in apparent contradiction of this; but it was the opinion of one judge only, Chief Justice McKean, certainly a very eminent judge, and whose opinions are entitled to great respect, and is distinguished from this case. There the note was overdue two years, payable on a. certain day, had been dishonored and protested, and the defendant was a new indorser. That case was decided on its own circumstances.”
In 12 Pa., 273, Coui/TER, J., said that the observations of Judge Duncan ■«ill not be sustained by a careful inspection of the case. .
In 18 Pa., 432, Lewis, J., sustained the criticism of Judge Duncan.
In 9 Watts, 353, Kennedy, J., followed the Bank of North America v. Barriere.
In 1 Phila., 283, the trial judge instructed the jury that the endorsement of a note by the defendant after maturity was equivalent to the making of a new note. The court in banc made absolute a rule for a new trial, saying: “The judge undoubtedly had in his eye the case of Bann of North America v. Barrieré, 1 Yeates, 360, which is to the point, and a dictum of judge Kennedy in Leidy v. Tammany, 9 Watts, 353, which seems to give the plaintiff an election to treat such an endorsement as a new note. Yet the commercial law seems now to be very well settled, as stated by Chancellor Kent, 3 Com., 93, that if a bill or note be negotiated after it is due, yet a demand must be made upon the drawer or maker within a reasonable time, and notice given to the endorser, in order to charge him, equally as if it had been payable at sight or negotiated before it was done. And our own cases of McKinney v. Crawford, 8 S. & R., 351, and Brezer v. Wightman, 7 W. and S., 264, fully sustain that position.”
Referred to in 29 Pa., 532. See also Tyler v. Young, 30 Pa., 143.