The opinion of the Court was delivered by
Duncan J. —
The transcript from the justice’s docket of the suit by Rankin v. Crawford, -was relevant. It was evidence to go to the jury, to shew that M>Kinney, who was special bail in that action, had knowledge of non-payment of the note by Lightly, the drawer. Its legal effect was another consideration.
The evidence offered by the plaintiff in error, to shew that Lightly, at the time of his discharge under the Bread Act, had a sufficient sum of money then about his person, to discharge the judgment against him as drawer, on which judgment he was confined, and discharged as a poor insolvent debtor by the Court of Common Pleas, was most properly rejected by the Court. It was a discharge by a Court of competent jurisdiction. It was not pretended that the discharge was by collusion between Crawford and Lightly. That which had been directly decided, could not be overruled indirectly. So far as respected the admission and rejection of evidence, there was no error ; but the plaintiff in error has maintained his exception to the charge of the Court.
If the endorsement creates any liability, it is founded on the law merchant, and if founded on that it must be governed by its principles. The undertaking of the endorser, is only to pay in case the maker does not pay. The endorsee therefore, is bound to apply to the maker of the note j he takes it upon that condition. Hence it is, that in an action by the endorsee against the endorser of a note, the declaration must aver that the note, on becoming due, was duly presented and that he refused to pay, of which the defendant *354 had notice. This averment is made in this declaration. It formed a part, and an essential part of the plaintiff’s case, and it was incumbent on him to prove it. From the very nature of the contract, and the form of the declaration, it is evident this proof must be made, or some act amounting to a waiver of it, on the part of the endorser. When the endorsement is made, a new party is introduced, and new qualities attached to the note: It then resembles an inland bill of exchange ; it becomes one in fact, as to the terms on which the endorser, who may be considered the drawer, may be rendered liable; the endorsee, holding a written evidence of a promise by another to pay him a sum of money which is assignable by ordering the contents to be paid to a third person, virtually requesting his debtor to pay that debt, of which the paper is evidence, to a third person. As it respects the promissor himself, he is answerable immediately to the promissee or endorsee, and he may be sued on a note payable on demand, the instant he gives his signature ; but the condition on which the endorse!: is liable is, that payment shall be demanded within a reasonable time, and the earliest notice possible given of a refusal. This time may vary according to the circumstances and situation of the parties, to be determined by the jury, under the direction of the Court. On a bill payable on demand or sight, it is impossible to fix any precise time. It must be demanded, and notice given as soon as it can be conveniently done, taking into view all the circumstances of the holder- and drawer. There is a difference between a note payable on demand, and one payable at a day certain. The latter requires a strict attention to make immediate demand when the note becomes due ; the former does not of necessity, in all cases, require an instant demand, and if endorsed after it becomes due, a reasonable time must be allowed to make the demand on the promissor. These are the opinions of Chief Justice Parker, in Field v. Nickerson, 13 Mass. 131, who truly observes, that it is r< markable that the law relating to so familiar a species of vrricten contract, as a note payable on demand, should, at that late period, be doubtful; yet so it was, that in JEngland no decisions were to be found bearing on the question. These opinions are recommended by their good sense and particular application to the nature of the contract, and *355 the reason of the thing. I am at a loss to distinguish between the necessity of the demantl of the maker where the note is not due when endorsed, and where it is overdue. In both cases they are orders on the debtor to pay the assignee, and on such order, the endorser cannot be resorted to until demand and notice of refusal ; for if it was a contract of absolute and immediate liability, why endorse, for what purpose draw, why not give his own note? In England, the rule of demand and notice is laid down, as one of universal obligation, in cases of endorsements. In several other States of the Union, as well as in Massachusetts, this very matter has been decided. In New York, in Berry v. Robinson, 9 Johns. 121, it was held, that where a promissory note was endorsed five years after it was due, the endorsee was bound notwithstanding to prove a demand of payment from the maker, and notice to the endorser ; and that there was no difference in this respect, whether it was endorsed before or after it became due. And in Bishop v. Dexter, 2 Connect. Rep. 419, it was decided, that the endorsement of a note or bill after due, is equivalent to drawing a new bill at sight, and demand and notice must be given, to charge the endorser. The case of Hall v. Smith, 1 Bay, 330, does not decide that demand and notice are not necessary to be given to endorser, but barely that where a note is endorsed after due, the same strict rules with regard to due diligence are not to be applied, as are required when the note has still time to run. This is quite consistent with the decisions in Nexo York, Massachusetts and Connecticut, and is founded on good sense. The Bank of North America v. Barriere, 1 Yeates, 360, is a decision in apparent contradiction of this ; but it was the opinion of one Judge only, Chief Justice M‘Kean, certainly a very eminent Judge, and whose opinions are entitled to great respect, and is distinguished from this case. There the note was over due two years, payable on a certain dav, had been dishonoured and protested, and the defendant was a new endorser. That case was decided on its own circumstances. Rendon, the payee of the note, accompanied by defendant, went to the bank, and the note was then endorsed to give it a credit. Rendon was about to go to Europe, and it could not be supposed that defendant gave a warranty for Rendon; Shis would be absurd. The Chief Justice considered it from *356 its special circumstances, as amounting to an original under» taking, to become responsible for the amount of principal and ' interest. As a general principle, this Court cannot adopt it; but it would not apply to a note payable on demand, for there would be no incongruity in the endorser warranting that the drawer would pay on demand, that being his engagement; for there is no precise time in which such note can be said to be dishonoured. The demand must, however, be made in a reasonable time, and that will depend on the circumstances of the case, and situation of the parties. Losee v. Dunkin, 7 Johns. 70. But in the case of the Bank of North America, the note had been só long dishonoured and protested, and that known to the endorser and the endorsee, that it necessarily was a new undertaking on the credit of the defendant alone, where a future demand would have been idle and nugatory ; and an attentive consideration of that case satisfies me, that the Chief Justice did not intend to lay down any general rule, as to notes over due, but decided it on a very special ground, that the transaction, explained as it was by the parol evidence, intended a very different matter than endorsement and warranty; an original undertaking, and absolute responsibility ; for he says, it must have been so understood by the parties, and that substantial justice demanded of him soto pronounce it. The decision of Mr. Justice Buller, in Brown v. Davis, 3 Term. Rep. 80, does not establish the principle contended for by the defendant in error. It is too loose to be relied on ; and Lord Kenton in the very instant of its delivery, testified his dissatisfaction with the generality of the expressions. There is an early case, Dehers v. Herriot, 1 Show. 163, in which it was said, that a bill negotiated after the day of payment, was like a bill payable at sight; and the reporter adds, that all the merchants agreed to that, in which case it is very clear that a demand in a rea. sonable time must be made on the drawer, and notice given to the endorser, before he can be resorted to. In the case of the Bank of North America, the drawer, nor any endorser, except the last one, on whose sole credit the note was taken, was not in the view of any party to be looked to ; but here, the conduct of the parties shews that the drawér was first to be resorted to for payment. If a note is overdue when endorsed, the endorsee takes it subject to the same de~ *357 fence as if it remained in the hands of the payee. The reason is, because by the notes not being paid, he has notice to put him on inquiry why it has not been paid. But that in the 1 n J , , , , - case of all notes, whether overdue or not, to render the endorser liable there must be a demand on the drawer, and notice to the endorser, is a doctrine now well settled, unless a contract of a different nature from that of endorsement is to he implied from special circumstances, and the understanding of the parties at the time of the transaction. The contract is notone of absolute, but conditional responsibility. It is but an order on the debtor, to pay the assignee the amount of the note. It is so laid in the declaration, with an averment that demand has been made and payment refused, and notice given to the endorser. Due diligence in the endeavour to recover the money from the drawer, is a different question from that of demand, refusal, and notice ; for demand and notice are the conditions on which the endorsee accepts the note. The notice is a different thing from knowledge of the payee ; for it is the design of notice, not only to apprise the endorser of non-payment, but to inform him the endorsee will look to him for payment. The Court of Common Pleas erred in stating that the note being overdue, the law merchant did not apply, and therefore demand and notice were not necessary.
Judgment reversed, and a venire facias de novo awarded.