CULLUM *VS.* CASEY & CO.

1. A protest is necessary upon the non-acceptance of a foreign bill of exchange, and is the only evidence that can be received of the fact.

2. An averment, that the bill was presented to the drawee, and acceptance demanded, but that drawee refused to accept the same, of which defendant had notice—is a sufficient averment.

3. An allegation, that demand of payment was made and refused, at the place of business of the payer, is sufficient.

4. In an action against the indorser of a bill of exchange, where the indorsement was made in this State—the law of this State must govern as to the rate of damages.

5. And, in such an action, on judgment by default, *nil dicit*, or *non sum informatus*, the clerk may compute the interest without the intervention of a jury.

Error to Mobile County court.

Assumpsit on a bill of exchange.

This was an action of assumpsit, brought by the defendants in error, as the indorsees of a bill of exchange.

The plaintiff below filed a declaration, as follows:

" The State of Alabama, Mobile county.

 " County court, June term, 1837. Denys Casey, Barzillai Ransom and Smith Spilman, co-partners, heretofore trading together under the firm and style of Denys Casey & Co., by their attorney, complain of Charles Cullum, in custody, &c. of a plea of trespass on the case, &c. For that whereas Messrs. Brown & Cawley, heretofore, to

wit, on the fourth day of January, Anno Domini 1837, at Mobile, to wit, in the county aforesaid, made their certain bill of exchange in writing, bearing date the day and year aforesaid, and thereby then and there requested Messrs. Smith & Conklin, sixty days after sight of said bill, to pay to the said Charles Cullum, or order, $4000 00, for value received, and then and there directed the said bill of exchange, to the said Smith & Conklin, at New York, and then and there delivered the said bill so drawn and directed as aforesaid, to the said defendant, who afterwards, and before the payment of the said sum of money, to wit, on the day and year aforesaid, at the county aforesaid, endorsed and delivered the said bill of exchange to the said plaintiffs, and the said plaintiffs aver, that afterwards, to wit, on the 10th day of February, 1837, the said bill of exchange was shewn and presented to the said Smith & Conklin, at New York, and their acceptance thereof· demanded, but the said Smith & Conklin did then and there refuse to accept the same, of which defendant had due notice; and the said plaintiffs aver, that afterwards, when said bill became due and payable, according to its tenor and effect, to wit, on the 14th day of April, 1837, the said bill was presented and shewn at the place of business of the said Smith & Conklin, and the payment of the same was then and there demanded, according to the tenor and effect of the said bill of exchange; but neither said Smith & Conklin, nor the said defendant, nor any one on his or their behalf, did or would pay the same, and the said bill of exchange was then and there duly protested for non-payment; of all which, said defendant afterwards, to wit,

on the day and year last aforesaid, had notice. By means whereof, and by force of the law in such case made and provided, the said defendant became liable to pay to the said plaintiffs, the said sum in the said bill of exchange specified, according to the tenor and effect thereof, and being so liable, he, the said defendant, in consideration thereof, afterwards, to wit, on the day and year last aforesaid, undertook, and then and there faithfully promised the said plaintiffs, to pay them the said sum of money in the said bill of exchange specified. Yet, the said defendant, though often requested, has not paid the said plaintiffs the said sum of money in the said bill of exchange specified, or any part thereof, but the same to pay has hitherto wholly neglected and refused, and still does neglect and refuse, to the damage of the said plaintiffs of eight thousand dollars, and therefore they bring their suit, &c.

" JOHN G. AIKIN, Att'y for pl'ffs."

The defendant did not appear, and judgment was entered by default against him, for the amount of the bill, with interest, and ten per cent. damages, from which the defendant below has prosecuted a writ of error to this court, and now assigns for error :

1. That the declaration does not contain a sufficient cause of action ;

2. That the judgment by default is erroneous, and should be reversed.

ORMOND, J.—The objections made to the judgment of the court below, by the counsel for the plaintiff in error, may be thus stated :

Cullum *vs.* Casey & Co.

1. That no protest for non-acceptance is averred in the declaration;

2. The declaration does not shew a sufficient presentment for payment;

3. The judgment is for too much;

4. There was no assessment of damages by a jury.

It has long been the settled law of England, that a protest is necessary upon the non-acceptance of a foreign bill of exchange, and that it is the only evidence which can be received of the fact. The great commercial States of New York and Massachusetts, and many other States of the Union, hold the same law. A contrary doctrine has been maintained by the Supreme court of the United States, in the case of Brown vs. Berry, and Clarke vs. Russel, (3 Dallas' Rep.) and in Read vs. Adams, 8 Serg. & Rawle, 356. The weight of authority is decisively in favor of the necessity of protest, where a foreign bill is presented for acceptance, and acceptance refused, and we feel no hesitation in laying it down as the correct rule.

But the question, in this case, is, whether the averment in the declaration is sufficient. The averment is, "that the said bill of exchange was shewn and presented to the said Smith & Conklin, at New York, and their acceptance thereof demanded, but the said Smith & Conklin did then and there refuse to accept the same, of which the defendants had due notice." This averment was sufficient, as the refusal to accept could be proved alone by the production of the protest—(See Salomons vs. Stavely, 3 Douglass' Rep. 298.)

We are also of opinion, that the allegation of presen-

Cullum *vs.* Casey & Co.

tation for payment, is sufficient; it is in these words: "afterwards, when said bill became due and payable, according to its tenor and effect, to wit, on, &c., the said bill was presented and shewn at the place of business of the said Smith & Conklin, and payment of the same was then and there demanded, according to the tenor and effect of the said bill of exchange, but neither said Smith & Conklin, nor the said defendant, nor any one in his or their behalf, did or would pay the same," *&c.* The objection is, that it is not stated that the presentment for payment was in the city of New York; but the bill is drawn on Smith & Conklin, of New York, and the protest states that the demand was at their place of business, and it would be a violent presumption to indulge in, that the demand was not made where they reside, or that they have more places of business than one.

It is further insisted, that the assessment of ten per cent. damages is erroneous. This argument proceeds, on the supposition that, as the bill was payable in New York, the law of that State must govern, as to the rate of damages, of which, as this was a judgment by default, there could be no evidence. The endorsement of the plaintiff in error was in this State, and the law of this State must govern as to the rate of damages.

The objection, that the clerk could not assess the damages, is equally groundless. The act of eighteen hundred and twelve, which authorises the clerk to compute the interest without the intervention of a jury, on judgments by default *nihil dicit,* or *non sum informatus,* has been by this court repeatedly held to extend to an action against the indorser of a note or bill—(See Malone *&* Co.

vs. Hathaway, 3 Stewart's R. 29, and Chapman vs. Arrington, ib. 480.)

There is no error in the judgment of the court below, and it is affirmed.