Minshall, J.
The suit below was upon the indorsement of a certain promissory note. The noto had been made by Hyman & Armstrong for the sum of $255.25, payable to W. C. Bassenhorst, or order, one day after date. It was dated January 2, 1883, and was indorsed to the plaintiff July 30, by the following indorsement: “ Pay to the order of Charles B. Wilby. W. C. Bassehorst.” The plaintiff, in his petition, simply alleged that the defendant was indebted to him upon this indorsement, in the amount of the note and interest, and “ that due demand for payment * * * had been made, and that the defendant had received due notice of said demand and non-payment of said note.” The answer was a general denial. From a bill of exceptions taken on the trial, it appears that at the close of the plaintiff’s evidence, the defendant moved for judgment on the ground that payment of the note had not been demanded of the makers, and notice of non-payment given the defendant in a reasonable time. A similar motion was made at the close of the case. Both motions were overruled, and the jury by direction of the court, rendered a verdict in favor of the plaintiff. To all which exceptions were duly reserved. *335 It also appears that the defendant offered to show his own understanding as to the purpose of the indorsement at the time he indorsed the note. This was refused and exception taken.
These rulings of the court are assigned for error.
The court, as we think, was right in assuming the duty of directing what the verdict should be, as, upon the evidence, there was no ground for controversy as to any of the material facts of the case; but it erred, as we think, in directing that the verdict should be for the plaintiff, instead of the defendant.
All the parties resided in the same place, the city of Cincinnati. The makers of the note were insolvent at the time of the indorsement, and had made an assignment for the benefit of their creditors a few days after the making of the note. It was made on the 2nd of January, 1883, and was indorsed on the 30th of July, following, so that it was some six months overdue at the time of the indorsement. The settlement of the assignment was delayed by litigation between the general and certain secured creditors, particularly with James M. Armstrong, the father ■ of one of the assignors, to whom a mortgage, to secure some $8,000, had been given a short while before the assignment.
On the day the note was transferred and indorsed, Bassenhorst, the payee, called at the office of the assignee, Mr. Wald. He and the plaintiff, Wilby, were partners in the practice of the law, and so occupied the same office. On being informed that by reason of the pending litigation, the note could not then be paid, and the assignee having, for obvious reasons, refused to discount it, Bassenhorst turned to Wilby, who was present in the office, and requested him to discount it. Wald examined his books and informed Wilby that it would be a safe investment; and Wilby then offered Bassenhorst the face of it. This was refused at the time, but during the day a boy returned to the office with the note indorsed, and a message from B. that he accepted the offer. Thereupon Wilby drew his check for the amount and received the note. This is all that transpired between the parties during the transaction, and up to the 21, *336 November, when the note was protested for non-payment, and notice given to Bassenhorst.
Wilby and Wald were retained and acted is the attorneys for Armstrong in his contest with the general creditors. The matter was finally determined in his favor, which made it necessary for Wilby to look to the indorsement of Bassenhorst for payment of the note, whereupon the note was -presented for the first time for payment, and notice of the non-payment given as before stated.
Though it be admitted that, as a question of law, the defendfendant had the right to show by parol that he was not to be held upon his indorsement, and that such an issue was made by the pleadings, still there was no error in the court rejecting his simple understanding as to the matter. Nothing was said or done during the transaction that would warrant the inference that such was the understanding of both parties, and, unless such was the case,-the understanding of one could not affect the other.
The question, whether upon the facts, it was the intention that Bassenhorst should, in any event, be liable upon his indorsement, will be considered in connection with the claim of Wilby, that demand and notice was not required, or had been waived, because they will be found, so far as the evidence is concerned, to be nearly related.
The real question in the case is the one upon which it seems to have been disposed of in the court below, and that is, whether the demand was made upon the maker of the note in a reasonable time, for the notice, having been immediately given, was reasonable if the demand was. That demand and notice, unless waived, were required to complete the liability of Bassenhorst on his indorsement, although the makers were known to be insolvent, admits of little doubt. 1 Par. on Cont. 279; 1 Notes & Bills, 446.
A promissory note payable to one or his order is none the less negotiable because overdue. After its maturity it can no longer be transferred so as to deprive the maker of any defense he may have against the original holder. But this is the principal, if not the only, effect which maturity has upon the char *337 acter of such paper. It can still be transferred so that the transferee will take the legal title; and it may be indorsed, and when indorsed, unless without - recourse, the indorser becomes liable to the indorsee, if the note is presented to the maker for payment in a reasonable time, and notice is given the indorser, in case of non-payment. 1 Par. Cont. 5 ed. 254-6. Leavitt v. Putnam, 3 N. Y., 494. The legal effect of indorsing an overdue promissory note, negotiable in form, is generally held to be the equivalent of an inland bill of exchange, drawn by the indorser on the maker of the note payable to the indorsee at sight or on demand; and by its analogy in this regard, the duty of the indorsee of such a note, if he would hold the indorser, is generally determined. Patterson v. Todd, 18 Penn. St. 426. As the duty of the holder of such a bill is to present it for payment in a reasonable time, a like duty devolves upon the indorser of such a note. Thus it is said in Tyler v. Young, 30 Penn. St. 144, “ The endorsement of a note, due or not due, always expresses a conditional as opposed to an absolute obligation. The indorsement of a note overdue, has been invested by the modern decisions with a very distinct character. Liedy v. Tammany, 9 Watts. 353. It is a bill of exchange drawn upon the party primarily liable, payable at sight. In this theory, the necessity of demand and notice is an essential element; not notice on a given day, as in the case of a maturing note, possible in that case, but impossible in the other, for the day appointed by the former maker and the new acceptor has passed; but notice after the holder has had reasonable time to make the demand on the maker, and has employed that time with diligence.”
As to what is a reasonable time has been regarded as a question of some difficulty. Dan. Neg. Inst. sec. 604. But in a case like this, the only reasonable rule that can be adopted is to require due diligence in presenting the note to the maker for payment. It is said in one case (Aldis v. Johnson, 1 Vt. 136) “if the indorsement be made after the note falls due, the demand of payment must be made as if the note fell due on the day of the indorsement.” But the general, and better rule, is the one iust *338 stated. Tyler v. Young, supra; Berry v. Robinson, 9 John. 121; M’Kinney v. Crawford, 8 Serg. & Rawle, 351; 1 Par. N. & B. 381, and notes; Dan. Neg. Inst. secs. 605, 611, 996 Light v. Kingsbury, 50 Mo. 331.
Where a thing is required to be done, and may be done presently, a reasonable time in which to do it, necessarily excludes any delay, that, in the exercise of reasonable diligence, could have been avoided; so that a reasonable time in which to fix the liability of the indorser of an overdue promissory note, should be such, as, under the circumstances, will enable the holder, in the exercise of due diligence, to present it for payment; and any delay that may, by the exercise of such diligence, be avoided, should be treated as negligence, and deprive the holder of the right to look to the indorser.
Where the facts are in dispute, it is, as in similar controversies, a question for the jury to determine whether the note was presented in a reasonable time to the maker for payment so as to bind the indorser; but where they are ascertained, it is a question for the court, and cannot properly be submitted to the jury as a question of fact. Walker v. Stetson, 14 Ohio St. 89; 1 Parsons N. & B. 339; Dan. Neg. Inst. sec. 612. Here all the material facts were ascertained. The parties resided in the same city; the note was indorsed on the 30th of July and was not presented for payment until the 21st of November following; the delay in the settlement of the assignment caused by the litigation between creditors, was no impediment to presenting the note to the makers for payment and giving notice of non-payment; such notice might have been of value to the indorser, but whether so or not, was immaterial to the duty of presentment. In a few days after the determination of this litigation made it apparent that the holder would not be jmid from the funds in the hands of the assignee, the note was presented to the makers for payment and notice of non-payment given; and there is no showing why, in the exercise of the same diligence, it could not have been presented for payment with the same promptitude after indorsement.
Whether the presentment of a note due on demand has been delayed for such a period as, by becoming dishonored, to be *339 open to defenses of the maker against the original holder, is not the same as the question whether it has been presented in due time to bind an indorser. "When such an instrument has been transferred by indorsement, it would, in the opinion of a modern author, become, “by the very act of indorsement, a draft by the indorser upon the maker; and the indorsee holding it should regard it, as it is, in fact, a demand through him for the amount due the indorser. And it should therefore be presented immediately, subject only to such qualifications as apply to bills payable at sight.” Dan. Neg. Inst., § 610; and still more is this true as to a bill payable on demand (Id., § 605) the analogue/ as before shown, of the indorsement of a promissory note after maturity.
We are, therefore, clearly of the opinion that the note was not presented for payment to the makers in the requisite time to charge the defendant below as an indorser of it.
This brings us to the question, based on the claim that there was a waiver of demand and notice, and that of the defendant that he was not to be bound upon his indorsement.
It seems that consistently with the contract of indorsement, where it is' in blank, either fact may be shown by parol; but where it is not, and the offer is to show that a party was not to be bound by his indorsement, there is upon principle much question as to the admissibility of such evidence; there is less, however, as to the right to show a waiver of demand and notice. Barclay v. Weaver, 19 Penn. St. 396; Morris v. Faurot, 21 Ohio St. 155; Hudson v. Wolcott, 39 Ohio St. 618; 1 Par. N. & B. 584 and cases cited in notes; Dan. Neg. Inst. § 717 et seq. The two following cases illustrate the distinction: Thus in Dye v. Scott, 35 Ohio St. 194, it was held, that parol testimony is competent as between the parties to prove that the indorser at the time of indorsing a note waived demand and notice, whilst it is held in Cummings v. Kent, 44 Ohio St. 92, that such evidence is not admissible on the part of the drawer as against the payee, that he was not to be liable as drawer, although the relation of drawer and payee is in commercial law, the same as that of indorser and indorsee.
*340 But tbe question of waiver must be distinguished from the cases where demand and notice are excused. A waiver ordinarily results from such acts or words of a party as import an agreement to that effect; whilst the grounds of an excuse are derived from circumstances that would make it inequitable or unjust to insist on the requirement. 1 Parsons N. & B. 521. Thus a demand is excused where the drawer had no funds in the hands of the drawee, or where the holder is prevented by unavoidable necessity from making a demand and giving notice in the time required by law; but the cases are few, if any, in which the indorsee will be excused, in the absence of a waiver or the existence of unavoidable necessity, from making demand and giving notice. An exhaustive discussion of the subject will be found in Parsons on Notes & Bills, § 7 ch. 11. “Excuses for absence of demand of payment;” and ch. 13, “Excuses for want of notice.”
As between the holder of negotiable paper and the prior parties thereto, it is now well settled, that the insolvency or bankruptcy of the maker or acceptor will constitute no excuse for want of demand. And the rule is the same whether the maker becomes insolvent between the time of indorsing the note and its maturity, or is insolvent before and at the time of the indorsement, and his insolvency is known to the indorser when he puts his name upon the note. 1 Par. N. & B. 446. “ The reason” says this author, “ is to be found in the stringency of the rule requiring demand, coupled with the fact that it is possible that the note may still be paid by the assistance of friends, or otherwise.” The same author, in his work on Contracts (1 Vol. 270, 5 Ed. n. c.), observes “ the fact that at the time of the indorsement the indorser had reason to believe and did believe, that the maker would not pay does not dispense wish the necessity of due notice to him of the maker’s default,” citing Denny v. Palmer, 5 Ired. L. 610; Oliver v. Munday, 2 Penning, 982; Allwood v. Haseldon, 2 Bailey, 457, the latter being a case where the note was indorsed after maturity. See also Gray v. Bell, 2 Rich. L. 67; 2 Dan. Neg. Inst. § 1171-1172, and cases cited.
*341 It is claimed, however, on the authority of Hudson v. Wolcott, 39 Ohio St. 618, that demand of payment and notice of dishonor were not required in this case. That case is very different from this one. There the indorser, as the court finds, had assented to an extension of the time of payment for thirty days, and afterward for sixty days. The court rightly held that, under these circumstances, demand and notice were not required; for an extension of the time of payment is uniformly held to constitute a waiver of demand and notice; and it is immaterial in this regard whether the waiver takes place before or after the default. 1 Par. N. & B. 582; Dye v. Scott, 35 Ohio St. 194; Forster v. Jurdison, 16 East, 105; Amoskeag Bank v. Moore, 37 N. H. 539; Ridgway v. Day, 13 Pa. St. 208; Barclay v. Weaver, 19 Pa. St. 396; 2 Dan. Neg. Inst., § 1106.
A similar distinction exists in Kyle v. Green, 14 Ohio, 490. There the ordinary contract of indorsement had been super-ceded by an agreement that Kyle, the indorsee, should use due diligence to collect the note, and that Green, the indorser, would pay it, if, after the use of such diligence, it could not be collected. And so the court held that Green was not entitled to notice; that his liability depended upon the use of due diligence by the indorser to make collection.
It is also generally held, that if the indorser holds indemnity against his liability, he is not entitled to notice; and it was upon this ground that, in the subsequent case between the same parties, Kyle v. Green, 14 Ohio, 495, the indorser was held liable without due demand and notice.
We have before given the substance of the transaction between the parties as disclosed by the evidence; and are unable to find in it one element, recognized by the decided cases (1 Par. N. & B. 584, where they are summarized), tending to show a waiver by the indoi’ser of demand and notice: There was no express waiver in the indorsement; no promise' by the indorser to pay the note at the time or subsequent to the indorsement; no agreement to extend the time of payment, nor request by the indorser for forbearance. Any inference that may be drawn from what *342 occurred, taken in connection with the circumstances of the transaction, tend quite as much to support the claim of Bassenhorst, that his only purpose in indorsing the note was to transfer the title, and that he was not to be liable upon his indorsement, as the claim of Wilby that there was a waiver of demand and notice; and if, as a matter of fact, B. did not suppose that he was to be liable as an indorser, it is difficult to see how he could have intended to waive demand and notice; to have intended the latter he must have contemplated the former. But we think that neither claim is supported by the evidence. The note, though overdue, was still the subject of a contract of' indorsement, the terms of which are implied by the law from the act of the indorser placing his signature on the back of the note. It is true, these terms may be varied by the agreement of the parties: The indorser may stipulate against further liability, and this is usually done by indorsing, “ without recourse; ” and the indorsee may stipulate against the requirement of him* and this is usually done by the formula, “ demand and notice waived.” Here the indorsement on the note is unrestricted; and during the entire transaction no reference was made by either party as to the liability of B. on his indorsement; and both were equally silent as to the requirement of demand and notice. Under these circumstances, the liability of the indorser and the duty of the indorsee must be regarded as fixed by the law. The liability of the indorser, Bassenhorst, depended upon the note being presented for payment in a reasonable time, and notice to him of dishonor. Such presentment was not made; and the jury should have been directed to return a verdict for the defendant below.

Judgment of the superior court reversed, and judgment rendered for the defendant below.

Spear and Williams, JJ., dissent from the statement and holding in the fifth paragraph of the syllabus. .