BERRY <em>against</em> ROBINSON.

THIS was an action of *assumpsit*, on a promissory note, dated the 25th *August*, 1803, made by one *J. B.* for 56 dollars, payable to the defendant or his order, in one year after date, with interest. The declaration stated that the defendant, before the payment of the money mentioned in the note, or any part thereof, and after the time appointed by the note, for the payment thereof had elapsed, to wit, on the 17th *May*, 1808, for value received, endorsed the note, and thereby appointed the contents of the note to be paid to the plaintiff, &c. That the maker had not paid the money, but had refused to pay the same, whereof the defendant, afterwards, to wit, on the 12th *October*, 1810, and after the said note was so endorsed, had notice. By reason whereof, &c. Plea, *non assumpsit.*

*Where a promissory note, payable to order, was endorsed five years after it was due, it was held, that the endorsee was bound, notwithstanding, to prove a demand of payment from the maker, and notice to the endorsor. There is no difference, in this respect, whether the note is endorsed before or after it is due. The demand and notice, in every case, where a drawer exists, is an implied condition of the contract or endorsement.*

The cause was tried before Mr. Justice *Yates*, at the *Montgomery* circuit, in *September*, 1811. The plaintiff proved the endorsement of the defendant, dated, as stated in the declaration, on the 17th *May*, 1808 ; but did not prove that he had ever demanded payment of the maker, or had ever given notice of nonpayment to the defendant, or that he meant to look to him, as endorsor. The judge directed the plaintiff to be called and nonsuited.

A motion was made to set aside the nonsuit, and for a new trial.

*Cady*, for the plaintiff, contended that where a note was negotiated after it was due, or dishonoured, the holder was not bound to demand payment of the maker, and give notice to the endorsor, but might sue him immediately. Where a note is negotiated after it is due, the endorsee takes it altogether on the credit of the endorsor ; it is the same as a new note by the endorsor.[*]

[*] *Brown* v. *Davis*, 3 *Term Rep.* 80. See 5 *Johns. Rep.* 118.

* 6 *Bos. &*
*Pull.* 239.  1
*Caines' Rep.*
157.
† 1 *Camp. N.*
*P.* 82,

The reason of a demand of payment of the maker, and notice to the endorsor, does not apply to this case.   The general rule is dispensed with in cases of bills of exchange, where the drawer has no effects in the hands of the drawee.*

In *Porthouse* v. *Parker,*† a bill was drawn by a firm, on one of the partners, and accepted by him ; and in a suit against the drawers, it was held, that the acceptor being one of the drawers, there was no occasion to show any express notice to the drawers of the dishonour of the bill.   In the present case, the defendant knew the note was dishonoured, as he endorsed it long after it was due.   If there is no express authority against the plaintiff, the reason of the case is in his favour.

*Henry,* contra, insisted, that the endorsement was merely an order on the maker to pay the amount of the note to the plaintiff; and it necessarily involved a duty on the party to go and demand the money of the maker.   A bill negotiated, after it is due, is equivalent to a bill payable at sight.   Acceptance of a bill may be after the day of payment, and which may be negotiated, and

‡ 1 *Ld. Raym.*
574,

may be so declared upon.‡   The necessity of a demand of payment and notice to the endorsor exists, and is indispensable.

*Per Curiam.*   The plaintiff was properly nonsuited, for not proving demand of payment on the maker, and notice of his default to the endorsor.   Though the note was endorsed long after it was due, yet the endorsee took it subject to this condition. The books make no distinction, on this point, whether a note be endorsed before or after it is due.   The endorsement, in every case, where a drawer really exists, is a conditional contract to pay in the event of a demand, or due diligence to make a demand on the maker, and his default.   It was equivalent in this case, to an order on the drawer to pay the amount.   The motion to set aside nonsuit is denied.

1                                          Motion denied.