McMURRAY (JONES v.). See Case No. 7,-479.

## Case No. 8,905.

### McMURTRIE v. JONES.

[3 Wash. C. C. 206.] [1]

Circuit Court, D. Pennsylvania. April Term, 1813.

NOTES—ENDORSER—PROTEST—NOTICE—PLACE OF RESIDENCE—DILIGENCE.

1. Action upon a promissory note, endorsed by the defendant to the plaintiff. On the day the note became due, it was protested; and notice of its non-payment was left at the boarding-house of Mrs H., where the defendant was reported to reside. At the time of the drawing of the note, and for some time afterwards, the defendant continued to reside at Mrs. H's.; but before it became due, he went to New-York, without the knowledge of the plaintiff, and embarked for Europe. The notice left at Mrs. H's., was, under all the circumstances, sufficient.

[See Bank of United States v. Hatch, Case No. 918.]

[Cited in West Branch Bank v. Fulmer, 3 Pa. St. 401.]

2. Generally, notice to the endorser ought to be given, although he should be beyond sea, if the place of his residence is known; and a reasonable diligence to find out his place of residence ought to be used.

[Cited in Catlin v. Jones, 1 Pin. 132; Corwith v. Morrison, Id. 490.]

Action against the defendant, as endorser of a note of hand made by William Longstreth, 20th of October, 1806, payable six months after date; and assigned by the defendant to the plaintiff, before it became due. On the 23d of April, 1807, the note was protested for non-payment, of which, notice in due form, was left for the defendant, at Mrs. Hand's, in Philadelphia, the reputed place of residence of the defendant, as stated in the deposition of the clerk of the notary, who left it; and who says, that this was done acccording to the usage and custom of merchants of Philadelphia. Evidence was given, by a witness, that the defendant did lodge at Mrs. Hand's whilst he was in Philadelphia, until the time he left the city, which was some weeks before the note be-

came due, when he went to New-York to embark for England. It appeared, that the defendant acted, whilst in this country, as the agent of a house in England, though he did some business for himself, and that this note was given for goods belonging to that house, and assigned to the plaintiff in part payment for a bill of exchange. That the defendant, whilst he had lodgings here, frequently went to the Eastern states on business. When the note became due, part of it was paid by the maker, who, at the same time, passed to the agent of the plaintiff, the note of one Isaac Jones, as a collateral security, on account of this note. Isaac Jones became insolvent before his note was due; and Longstreth, the day after his became due. One of the jurymen was examined, who thought it was the custom to leave a notice at the last usual place of abode of the endorser, but did not recollect any case exactly like the present.

M. Levy, for defendant, insisted—1. That notice of nonpayment by the maker of a note, must be given, and that this was not a good notice. It should have been sent to the defendant, as he had left Philadelphia, which, by inquiry, the plaintiff might have found out. 2. That the defendant acted as the agent of a foreign house, in this business, and is not liable personally. 3. That the note of Isaac Jones should be considered as a payment, it not appéaring that the plaintiff had used due diligence to recover it. On the first point, he cited 2 W. Bl. 747; 2 H. Bl. 609; 1 Term R. 168; 1 Johns. 294.

On the same point, Mr. Tilghman, for plaintiff, cited Chit. 89.

WASHINGTON, Circuit Justice (charging jury). There is no weight in two of the objections made to the plaintiff's recovery. It is of no consequence, whether this note was made in consideration of goods sold to the maker by the defendant, as the agent of Bowerbank & Co., or on his own account; or whether the endorsement was made upon a consideration, in fact, passing from that house. If the defendant acted as the agent of that company, this circumstance might make that company liable, if they were the defendants; but still, the defendant is liable on his endorsement. So, in respect to the note of Isaac Jones, which was passed to the plaintiff by the maker of this note, as a collateral security;—no laches are imputable to the plaintiff, in respect to that note; it being proved, that the maker became insolvent before it became due; and the note is in court ready to be delivered to the defendant.

As to the question of notice, there is more difficulty. At the time the assignment was made to the plaintiff, the defendant resided in Philadelphia, as a boarder, at Mrs. Hand's. A few weeks before the note became due, the defendant left Mrs. Hand's and went to New-York, with an intention to embark for

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

England, which he carried into execution. This was known to Longstreth, but it does not appear that it was known to Mrs. Hand, to the plaintiff, or his agent Mr. Craig, or to any one else; and it is worthy of remark, that it is proved, that before this final removal, he was frequently absent from this city upon visits to the Eastern states. Generally speaking, notice to the endorser ought to be given, although he should be beyond sea, if the place of his residence is known; and a reasonable diligence to find out his place of residence ought to be used, of which you are the proper judges. But under all the circumstances of this case, it appears to the court, that the notice left at the known place of residence of the defendant, before his final departure, was sufficient. The court give no opinion respecting the custom which has been mentioned, and respecting which some evidence has been given, as it does not appear to be sufficiently proved.

Verdict for plaintiff.