CATLIN and another vs. JONES.

1. DISCONTINUANCE.— A plaintiff may discontinue his suit as to some of several defendants after the jury is impanneled, and proceed to trial against the others.
2. FILLING BLANK INDORSEMENT.— Where the payee of a negotiable promissory note indorses it in blank before it falls due, the indorsee takes the note subject to all the rules of the law merchant, and he has not the right to fill up the blank with an obligation that would bind the indorser beyond that law, after he has failed to demand payment and give notice to the indorser.
3. LIABILITY OF INDORSER.— The indorser is only liable to the indorsee upon presentation of the note at maturity, non-payment by the maker and notice to the indorser.
4. PLEADING AND PROOF.— To charge the indorser, the plaintiff must aver in his declaration that the note was presented at maturity, and payment demanded and refused, of which the indorser had notice, and these facts must be proven on the trial.

ERROR to the District Court for *Iowa* County.

*Jones* brought an action of assumpsit in the Iowa

county district court, against *John Catlin, John Milton*, J. Chamberlin, Robert Bloomer, Edward Bloomer and Thomas Park, upon a negotiable promissory note, made by *Catlin*, and payable to *Milton*, indorsed by *Milton* before due to Chamberlain and the Bloomers, as J. Chamberlin and Co., by them to Park, and by Park to the plaintiff. The declaration contained two counts; in one of which presentation, non-payment and notice were averred; and the money counts. The defendants, except Park, who was not served with process, demurred generally, and their demurrer was overruled. They then pleaded the general issue. After the jury was impanneled, the plaintiff, by leave of the court, discontinued his suit as to all the defendants, except *Catlin* and *Milton*, and proceeded in the trial against them, to which they excepted. It appeared upon the trial that the indorsement of *Milton* was originally made in blank, and had been filled up by the plaintiff's attorney after the commencement of the suit, as follows: "I promise to pay, jointly with the maker, the within note to *David W. Jones*." There was no evidence upon the trial to prove presentation and non-payment of the note, or notice to *Milton*, the indorser. The jury, under the instructions of the court, returned a verdict against the defendants for $339.50. The defendants moved for a new trial and in arrest of judgment, both of which motions were overruled, and judgment rendered upon the verdict. The defendants excepted to these decisions of the court in the progress of the cause, and prosecuted a writ of error to reverse the judgment.

*Morgan L. Martin* and *Moses M. Strong* for plaintiffs in error.

*F. J. Dunn* for defendant in error.

MILLER, J. This is a writ of error sued out by *John Milton* and *John Catlin* to reverse a judgment in the district court of Iowa county, on a negotiable promissory note, made by said *Catlin* to said *Milton*, and by him

indorsed in blank before due. These defendants were sued with other persons who had also indorsed said note, and at the trial the plaintiff asked and obtained leave to discontinue as to them ; which was allowed by the court. This is the first error assigned. Whether a joint action against all the defendants was legal or not, is not now to be determined, as that point was not raised. The plaintiff, by his suit, considered it a joint contract. Under the 68th section of the act concerning proceedings in courts of record, page 207, Territorial Statutes, the plaintiff may be allowed to discontinue as to part of the defendants, amend his declaration, and proceed to judgment against the rest on the conditions therein set forth.

The note was indorsed in blank by *John Milton* before due, and so it was averred in the declaration. After suit brought, the attorney of the plaintiff filled up the blank indorsement of said *Milton* with these words : "*I promise to pay, jointly with the maker, the within note to David W. Jones.*" This is assigned for error.

The liability created by the indorsement is founded in the law merchant, and must be governed by its principles. The undertaking of the indorser is only to pay in case the maker does not pay. The indorsee is therefore bound to apply to the maker of the note, and he takes it upon this condition. Hence it is, that in an action by an indorsee against an indorser of a note, the declaration must aver, that the note on becoming due, was duly presented to the maker and that he refused to pay, of which the defendant had notice. This is an essential part of the plaintiff's case, and he is bound to aver and prove it. 13 Mass. 131 ; 9 Johns. 121 ; 8 Serg. & Rawle, 351 ; 4 Cranch, 141 ; 9 Wheat. 584 ; Chitty on Bills, 809 ; 3 Wash. C. C. 206 ; 5 Binney, 502 ; 1 Serg. & Rawle, 334 ; 9 id. 201 ; 16 id. 157 ; 4 Wash. C. C. 1. And the plaintiff or his attorney could not bind *Milton* beyond this, by making this addition over his indorsement ; particularly after suit brought and the usual declaration

filed, setting out a blank indorsement, demand and notice, and as at the trial no notice was proved : Chitty on Bills, 798 ; 17 Johns. 325 ; 2 Saund. 739.

It is therefore ordered and adjudged that the judgment be reversed with costs.

DUNN, Ch. J., dissented.