## CORWITH v. MORRISON.

1. NOTE PAST DUE — INDORSEMENT. Where a promissory note is indorsed after it is past due, in order to charge such indorser, a demand of payment must be made of the maker within a reasonable time thereafter, and notice of non-payment be given to such indorser.

ERROR to the District Court for *Iowa* County.

Assumpsit brought by *Morrison* against *Corwith* as indorser of the note mentioned in the opinion of the court. It appeared that Corwith transferred the note *after* maturity. Upon the trial no proof was given to show demand of payment of the maker or notice of non-payment to *Corwith*.

The district court instructed the jury that, "as a general rule, the plaintiff would be required to prove on the trial that a demand of the maker had been made when due, and that he refused to pay, of which the defendant had notice; but that, if it appeared in proof that the defendant himself transferred the note after it was due, the plaintiff was not required to make proof of demand, refusal and notice. Verdict and judgment for the plaintiff.

*Moses M. Strong*, for plaintiff in error.

*F. J. Dunn*, for defendant in error.

IRVIN, J. In this case the defendant in error brought suit against the plaintiff in error, as indorser of a promissory note, of which the following is set out as a copy:

"GALENA, *October* 31, 1837.

Ninety days after date, I promise to pay to Henry Corwith, or order, two hundred and forty-five $\frac{63}{100}$ dollars,

value received, payable at the branch of State bank of Illinois, at Galena.

THOMAS McKNIGHT."

On the back of which was the following indorsement:

"Pay *Lewis P. Morrison*, or order, February 4th, 1838.
HENRY CORWITH."

The declaration is in the usual form, and makes the proper averments of demand, failure to pay and notice thereof.

It appears from the proceedings had on the trial, that this note was transferred by or passed from the defendant in the action, after it became due. It also appears that the plaintiff in the action gave no evidence of demand, refusal and notice, and it also appears that the court, among other instructions, gave the following: "If it appears in proof in this case, that defendant himself transferred the note to another, after it was due, then plaintiff is not required to make the demand, refusal and notice;" after which a verdict was found for the plaintiff.

This court, in 1841, in the case of *Catlin et al. v. Jones, ante*, in which case the indorsement was made in blank by Milton before the note was due, said: "The liability created by the indorsement is founded in the law merchant, and must be governed by its principles. The undertaking of the indorser is only to pay in case the maker does not pay. The indorser is therefore bound to apply to the maker of the note, and he takes it upon this condition. Hence it is, that in an action by an indorsee, against an indorser of a note, the declaration must aver, that the note on becoming due, was duly presented to the maker and that he refused to pay, of which the defendant had notice. This is an essential part of the plaintiff's case, and he is bound to aver and prove it. 13 Mass. 131; 9 Johns. 121; 8 Serg. & Rawle, 351; 4 Cranch, 141; 9 Wheat, 584; Chitty on Bills, 809; 3 Wash. C. C. 206; 5 Binney, 502; 1 Serg. & Rawle,

157; 4 Wash. C. C. 1. In the numerous authorities above referred to, will be found decisions upon indorsements after due as well as before. In the case of *Colt v. Barnard*, 18 Pick. 260, it is decided, that "when a note on time is indorsed after it is over due, a demand on the maker must be made within a reasonable time in order to charge the indorser." "In the case of all notes, whether over due or not, to render the indorser liable, there must be demand and notice, unless a contract of a different nature from that of indorsement, is to be implied from special circumstances, and the undertaking of the parties at the time of the transaction." *McKinney v. Crawford*, 8 Serg. & Rawle, 357.

The failure of the plaintiff below to prove demand and notice would have been conclusive against him, and the court erred in that respect in its charge to the jury. Deeming this to be the law, we consider it unnecessary to notice any other objections. The judgment is therefore reversed, with costs.

DUNN, C. J., <em>dissenting.</em>