LEAVITT, president of the American Exchange Bank, vs. PUTNAM and others.

The indorsement of a negotiable note is negotiable without words of negotiability, so that a subsequent holder may sue in his own name, either upon the note or indorsement.

And the rule is the same, whether the indorsement, without words of negotiability, is made before or after the note is dishonored.

A bill or note does not lose its negotiable character by being dishonored, and the indorsement, although made after dishonor, follows the nature of the original contract, and is negotiable unless it contain express words of restriction.

APPEAL from the superior court of the city of New-York, where the action was against Putnam and others, as the indorsers of a promissory note. The plaintiff was nonsuited on the trial, and after judgment he appealed to this court. (See 1 Sandf. Superior Court Rep. 199.)

J. W. Gerard, for appellant. I. The legal effect of a blank indorsement of a note past due, is the same as that of one before maturity, with but one difference, that, as in the former case, the note can not be presented at its maturity, the contract then is to pay on demand of the maker, his failure to pay, and notice to the indorser, within a reasonable time after the transfer, instead of requiring the performance of those conditions at the maturity of the note. (Berry v. Robinson, 9 John. 121; Mitford v. Walcot, 1 Ld. Raym. 574; 2 McCord's S. C. Rep. 398; Story on Prom. Notes, § 180, and cases cited.)

II. An indorsement not negotiable in its terms, of a negotiable promissory note, is negotiable by the blank indorsement of the payee named in the first indorsement, (Callen v. Lawrence, 3 M. & S. 95; Chitty on Bills, 8th Am. ed. 257, 260; Moore v. Manning, Comyn's Rep. 311; 1 Selwyn's N. P. 332, 4th ed. n. 46; Edie v. East India Co. 2 Burr. 1216; 1 H. Black. Rep. 295, S. C.; Havens v. Huntington, 1 Cowen, 387; Rice v. Stearns, 3 Mass. Rep. 225; Guild v. Eager, 17 id. 615; Russell v. Ball, 2 John. 50; Wilson v. Codman's ex'rs, 3

Leavitt *v.* Putnam.

*Cranch,* 193; 1 *Salkeld's Rep.* 133.) And this is equally the case, whether the indorsement be made before or after the maturity of the note. The analogy noticed in some of the decisions, between the indorsement of a note past due and the drawing of a new draft payable on demand, is intended only to illustrate the rule, as to the time of demand and notice in such cases, stated in the first subdivision of this point, and is for the benefit of the holder, and not to his injury. It is said to be equivalent only to the drawing of a new bill, for the purpose of presentment and notice. In regard to the pleading and legal effect, the instrument is to be regarded as a simple indorsement. (*Seabury* v. *Hungerford,* 2 *Hill,* 80; *Upham* v. *Prince,* 12 *Mass. Rep.* 14; *Dean* v. *Hewitt,* 5 *Wend.* 257; *Chitty on Bills,* 8*th Am. ed.* 588; *Parsons* v. *Parsons,* 5 *Cowen,* 476; *Young* v. *Wright,* 1 *Campb.* 139; *Boehm* v. *Sterling,* 7 *Term Rep.* 419; *Chitty on Bills,* 8*th Am. ed.* 266, *and cases cited in note* (2); *Williams* v. *Field,* 3 *Salk.* 68; *Henly* v. *Adamson,* 2 *Burr.* 674.)

*S. Sherwood,* for respondents. Paper may be indorsed after due, but it then assumes a new character and is governed by new rules. It then becomes as between indorser and indorsee a new draft on the maker for the money in his hands, and is in all respects a new contract, and it may be made negotiable or otherwise as the parties choose; it being a new draft, its negotiable quality and time of payment are not affected by the old note. The indorsement, in the present case, over the names of the defendants, if any thing, is a new draft, payable to A. Thacher alone, and not negotiable. It gave a right of action to Thacher against the maker, because it transferred it to him. But as a new draft, no terms of negotiability are contained in it, and it therefore possesses none. (*Haines* v. *Huntington,* 1 *Cowen,* 387; *Gould* v. *Eager,* 17 *Mass. Rep.* 615; *Callow* v. *Lawrence,* 3 *M. & S.* 95.) It is a new contract limited to Thacher only, and gives the plaintiffs no right of action. (*Brown* v. *Davis,* 3 *Term R.* 80; *Berry* v. *Robinson,* 9 *John.*

121; *Prosser* v. *Luquer*, 4 *Hill*, 420 *to* 423; *Ketchell* v. *Burns*, 24 *Wend.* 456.)

HURLBUT, J.  On the 29th day of August, 1844, Messrs. J. W. & R. Leavitt made their note for $1570,52, payable to the order of T. Putnam & Co. (the defendants) eight months after date.  A few days after the maturity of the note, the defendants indorsed it as follows: "Pay the within to A. Thacher, value received, May 21, 1845.   T. Putnam & Co. "  Thacher indorsed without recourse, and delivered the note for a valuable consideration to the American Exchange Bank, in whose behalf this action is brought.

On the trial the defendants urged, among other grounds of objection to the plaintiff's recovery, that the defendants' indorsement was in effect a new draft payable to Thacher only, and not negotiable, so that no action could be maintained upon it in the name of the plaintiff.   In this they were sustained by the court, and the plaintiff was nonsuited.

The other objections taken by the defendants on their motion for a nonsuit were not considered by the court below, and under the circumstances of the case can not be noticed on this appeal; so that the only thing for us to consider is, whether the indorsement of a note made after due, differs from one made before maturity in respect to its negotiability?   It was conceded on the argument that no express authority could be found sustaining the distinction upon which the decision of the superior court was based, but it was urged that the defence could be sustained upon the principle that a dishonored note loses its mercantile character, and its indorsement becomes an original contract which must be made expressly negotiable in terms, or it could not be held to possess the character of negotiability.   There is unquestionably a difference between the indorsement of a note after due and one while it is running to maturity, but this relates only to a single point arising from the necessity of the case, to wit, the time of payment, which, in the latter indorsement, is fixed at a future day by the express agreement of the parties, while in the former, it is declared by law to be within

a reasonable time, upon demand. But in all other respects the contract is the same as an indorsement in the usual course of trade; and it is difficult to perceive how the single difference referred to can at all affect the negotiability of the indorsement. A bill or note does not lose its negotiable character by being dishonored. If originally negotiable it may still pass from hand to hand *ad infinitum* until paid by the drawer. Moreover the indorser after maturity writes in the same form and is bound only upon the same condition of demand upon the drawer and notice of non-payment as any other indorser. Thus the paper preserves its mercantile existence and retains the main attributes of a proper bill or note, and circulates as such in the commercial community. Exceptions to a general rule affecting so important and numerous a class of transactions as the one under consideration must be productive of great inconvenience, and will not be indulged except for urgent reasons; and nothing has been made to appear in the argument or seems to exist in the case, which warrants the court in treating the ordinary indorsement of a dishonored bill or note as without the law merchant and not negotiable. While it was questioned whether such a note was negotiable, and whether the indorser was chargeable except upon the usual condition of demand and notice, there was perhaps reason enough to sustain the decision of the court below. But since both the note and its indorsement, by a long course of decisions, have been treated as within the law merchant in respect to their main attributes, the indorsement ought to be regarded as negotiable to the same extent as an indorsement before maturity. The latter follows the nature of the orignal bill and is equally negotiable. (*Edie* v. *The East India Co.* 2 Burr. 1216; *Milford* v. *Walcott*, 1 Ld. Raym. 574; *Allwood* v. *Hazelton*, 2 Baylies' S. C. R. 457; *Bishop* v. *Dexter*, 2 Conn. R. 419; *Berry* v. *Robinson*, 9 John. 121.)

The note in the present case was upon its face transferrible, and its character in respect to negotiability could only have been changed by an indorsement containing express words of restriction. The defendants' indorsement was a full one, con-

taining the name of the person in whose favor it was made, but omitting the words "*or order*," the legal effect of which was, nevertheless, to make the note payable to him or his order, and his indorsement therefore was effectual to transfer the note to the plaintiff. (*Chitty on Bills*, 136; *Story on Prom. Notes* § 139.)

I am of opinion that the judgment of the superior court should be reversed, and a new trial awarded.

Judgment reversed.