Turner vs. Iron Chief Mining Co. and another.

Turner, Receiver, etc., Appellant, vs. Iron Chief Mining Company and another, Respondents.

*September 5 — September 24, 1889.*

*Promissory note payable on demand: Presentation for payment: Reasonable time: Court and jury.*

1. A note payable on demand with interest must be presented within a reasonable time after transfer in order to charge the indorser.
2. Where the facts are undisputed the question whether such note was presented within a reasonable time is one of law for the court.
3. A delay of ten months after indorsement before presentation for payment *held* unreasonable and to discharge the indorser.

APPEAL from the Circuit Court for *Milwaukee* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

It appears from the record, and is undisputed, that January 10, 1887, the defendant company, for value received, made and executed its promissory note, payable to the defendant *Henry M. Benjamin*, in the words and figures following, to wit:

"$3,508.92.               MILWAUKEE, January 10, 1887.

"On demand, after date, we promise to pay to the order of *H. M. Benjamin* thirty-five hundred and eight dollars and 92–100 dollars, at Merchants' Exchange Bank, Milwaukee, Wis., with seven per cent. interest until paid, value received.                    THE IRON CHIEF MINING Co.

"By H. M. BENJAMIN, President.

"H. NUNNEMACHER, Secretary."

That at that time *Henry M. Benjamin* and said Nunnemacher owned a majority of the stock of said company, and both resided in Milwaukee; that February 9, 1887, said Nunnemacher, acting for and in behalf of himself and said *Henry M. Benjamin*, sold and transferred and delivered all of their said stock in said company, together with the said note and other notes, to the firm of Moore, Benjamin & Co.; that the name of the Benjamin belonging to the said last-named firm was H. S. Benjamin; that the said *Henry M. Benjamin* and said Nunnemacher thereupon ceased to have any connection with, or interest in, said iron company, and the members of the said firm of Moore, Benjamin & Co. thereupon became the officers thereof; that about February 15, 1887, said *Henry M. Benjamin*, at the request of said H. S. Benjamin, indorsed said note by writing his name on the back thereof; that on or about November 15, 1887, and in a suit between the members of the firm of Moore, Benjamin & Co., the plaintiff, *W. J. Turner*, was appointed a receiver of the rights, credits, and effects of Moore, Ben-

jamin & Co., including said note; that said Moore resided at Hurley, Wis., and said H. S. Benjamin resided and did business at Milwaukee, Wis.; that December 16, 1887, payment was duly demanded on said note, but the same was not paid, nor any part thereof, and it was thereupon protested for nonpayment, and notice thereof given to said iron company, said *Henry M. Benjamin*, and said Nunnemacher.

Subsequently the plaintiff commenced this action against the defendants upon said note. *Henry M. Benjamin* answered the complaint by way of denials, and alleged the agreement under which the transfer and delivery of the stock, notes, etc., was made to Moore, Benjamin & Co., as aforesaid, and the indorsement was made as aforesaid. The trial of the issues thus formed was had by jury, and at the close of the evidence the court stated, in effect, as a matter of law, that the presentment of the paper and the demand for payment, and the protest and notice of protest, were too late to hold the said *Henry M. Benjamin* as indorser. Thereupon the court directed the jury to find for the plaintiff as against the defendant the *Iron Chief Mining Company*, and in favor of the defendant *Henry M. Benjamin*, dismissing the complaint as to him. From the judgment thereupon rendered accordingly the plaintiff appeals.

*Wm. H. Timlin*, for the appellant, contended, *inter alia*, that a note bearing interest and payable on demand is a continuing security, and the indorser is liable until actual demand. *Merritt v. Todd*, 23 N. Y. 28; *Parker v. Stroud*, 98 id. 379; *Field v. Nickerson*, 13 Mass. 131; 1 Daniel on Neg. Inst. secs. 606, 608-12. It has been held in this state that the question of what is a reasonable time generally is a mixed question of law and fact, a question for the jury. *Wood v. M. & St. P. R. Co.* 27 Wis. 541; *Lemke v. C., M. & St. P. R. Co.* 39 id. 449; *Davis v. Hubbard*, 41 id. 408; *Churchill v. Price*, 44 id. 540; *Gammon v. Abrams*, 53 id.

323. See, also, *Tomlinson Carriage Co. v. Kinsella*, 31 Conn. 273; 1 Daniel on Neg. Inst. sec. 612.

For the respondent there was a brief by *Williams, Friend & Bright*, and oral argument by *A. H. Bright*.

CASSODAY, J.  From the undisputed evidence it appears that the demand of payment and notice of protest were made and given more than ten months after the transfer and indorsement of the note.  The law is well settled that a promissory note payable on demand, whether with or without interest, is due forthwith, and an action thereon against the maker is barred by the statute of limitations, if not brought within the time prescribed by statute after its date.  *Wheeler v. Warner*, 47 N. Y. 519; *Howland v. Edmonds*, 24 N. Y. 307; *Burnham v. Allen*, 1 Gray, 496; *Sylvester v. Crapo*, 15 Pick. 92; *Taylor's Adm'rs v. Witman's Adm'rs*, 3 Grant's Cas. 138; *Larason v. Lambert*, 12 N. J. Law, 247; *Curran v. Witter*, 68 Wis. 16, 60 Am. Rep. 827; *Schriber v. Richmond*, 73 Wis. 12; *Mitchell v. Easton*, 37 Minn. 335; *Hill v. Henry*, 17 Ohio, 9; *Caldwell v. Rodman*, 5 Jones, Law, 139; *Wilks v. Robinson*, 3 Rich. Law, 182. The mere fact that such note is payable at a particular place does not even make it necessary to allege or prove that it was so presented before the commencement of the action.  *Dougherty v. Western Bank*, 13 Ga. 287.  This being so, it necessarily follows that the note in question became due and payable immediately upon its inception, and that upon its transfer and indorsement Moore, Benjamin & Co. might immediately have maintained an action thereon against the maker corporation, without any demand whatever.  Two questions are thus suggested: Was it necessary for that firm to demand payment and give notice of nonpayment in order to charge *Henry M. Benjamin* as indorser thereon?  And, if so, was he discharged by the delay in making such demand and giving such notice?

It has been held in New York, and perhaps elsewhere, that an "indorsed promissory note, payable on demand *with interest*, is a continuing security, on which the indorser will remain liable until an actual demand, and upon which the holder is not chargeable with neglect for omitting to make demand within any particular time." *Merritt v. Todd*, 23 N. Y. 28, 80 Am. Dec. 243. But much of the reasoning in that case seems to have been disapproved by subsequent cases in the same court. *Herrick v. Woolverton*, 41 N. Y. 581; *Wheeler v. Warner*, 47 N. Y. 519; *Pardee v. Fish*, 60 N. Y. 266; *Crim v. Starkweather*, 88 N. Y. 339; *Parker v. Stroud*, 98 N. Y. 379; *Shutts v. Fingar*, 100 N. Y. 541. The case of *Merritt v. Todd*, 23 N. Y. 28, has been expressly repudiated in Louisiana, where it is held that "a demand note must be protested and notice given within a *reasonable* time to hold an indorser; and the fact that the indorsement was for accommodation, and that the note bears *interest*, makes no difference." *Thielman v. Gueble*, 36 Am. Rep. 267. This ruling seems to be in harmony with the current of authority in this country, as appears from the valuable notes by Mr. Freeman in 80 Am. Dec. 250–254. Among the cases supporting this view may be cited: *Furman v. Haskin*, 2 Caines, 372; *Sice v. Cunningham*, 1 Cow. 397; *Field v. Nickerson*, 13 Mass. 131; *Seaver v. Lincoln*, 21 Pick. 267. The ordinary contract of an indorser of a note is to pay the same, if the maker does not, on presentation at maturity, in case he is duly notified. *Charles v. Denis*, 42 Wis. 57; *Sumner v. Bowen*, 2 Wis. 524; *Catlin v. Jones*, 1 Pin. 130. The only difference between such a case and the case at bar is that here the note was due before the indorsement was made. It is substantially the same as a note payable at a fixed time, and then indorsed by the payee after maturity. The rule seems to be firmly established that, in order to charge such an indorser after maturity with liability, payment must be demanded

of the maker within a *reasonable* time thereafter, and, in case of failure to pay, notice thereof must thereupon be given to the indorser. *Berry v. Robinson*, 9 Johns. 121, 6 Am. Dec. 267; *Poole v. Tolleson*, 10 Am. Dec. 663; *Ecfert v. Des Coudres*, 12 Am. Dec. 609; *Nash v. Harrington*, 2 Aikens, 9, 16 Am. Dec. 672; *Colt v. Barnard*, 18 Pick. 260, 29 Am. Dec. 584; *Kirkpatrick v. McCullough*, 39 Am. Dec. 158; *Gray v. Bell*, 44 Am. Dec. 277; *Leavitt v. Putnam*, 3 N. Y. 494, 53 Am. Dec. 322; *Mudd v. Harper*, 54 Am. Dec. 644; *Bassenhorst v. Wilby*, 45 Ohio St. 333. This court has frequently sanctioned this doctrine. *Corwith v. Morrison*, 1 Pin. 489; *Lindsey v. McClelland*, 18 Wis. 481; *Gunn v. Madigan*, 28 Wis. 164.

The cases cited also firmly establish the rule that where, as here, the material facts are admitted or not in dispute, the question as to what constitutes a reasonable time for making such demand and giving such notice is one of law for the court. We are all clearly of the opinion that the delay in making the demand and giving the notice in the case at bar was unreasonable, and hence that the court properly directed a verdict in favor of the defendant. *Henry M. Benjamin.*

· *By the Court.*— The judgment of the circuit court is affirmed.