ARAH LEONARD, SAMUEL BURNQUIST, LOUIS ERICSON, DAVID ALLEN, Administrator of the Estate of MILES ALLEN, Deceased, and ANNA POULSON, Administratrix of the Estate of LARS POULSON, Deceased, Appellants, v. JONAS O. OLSON.

**Notes and Bills:** DEMAND AND NOTICE AS TO INDORSER: *Removal of maker.* The fact that demand of payment of a note from the maker cannot be made does not excuse the giving of notice to an indorser, and it is the duty of the holder of a demand note, who is unable to make a demand, to give notice to an indorser within a reasonable time of such fact, and of the fact of non-payment.

SAME. The removal of the maker of a note from, and his continued residence out of the state after the making of the note and before its maturity, excuses an actual demand on him, as a condition of holding an indorser, unless the note is payable at a particular

---

NOTE.—For necessity and sufficiency of demand on negotiable instruments; see *Turner v. Iron Chief Mineral Co.* (Wis.) 5 L. R. A. 533, and note; *Stinson v. Lee* (Miss.) 9 L. R. A. 830; *Hamer v. Brainard* (Utah.) 12 L. R. A. 434; *Rosson v. Carrol* (Tenn.) 12 L. R. A. 727, and note; *Mt. Mansfield Hotel Co. v. Bailey* (Vt.) 16 L. R. A. 295; *Beer v. Clifton* (Cal.) 20 L. R. A. 580; *American National Bank v. Junk Bros. Lumber & Mfg. Co.* (Tenn.) 28 L. R. A. 492; *Pattillo v. Alexander* (Ga.) 29 L. R. A. 616. As to the place of demand, see *First National Bank v. Wever* (Tex. App.) 11 L. R. A. 295; also cases in note to *Rosson v. Carrol, supra.*

place, in which case demand must be made in that place, but if it is made payable at a specified town or city without further specification as to place, it is to be treated as payable generally, unless made payable at such town or city alone; and presentation there is not necessary in the event of such removal

*Insolvency of maker.* The mere insolvency of a maker of a note does not excuse a demand on him, as a condition of holding the indorser liable.

*Maturity.* A demand note, whether with or without interest, only matures as to an indorser thereof when payment is demanded, but in the absence of facts excusing the same, demand must be made of the maker within a reasonable time, in order to hold the indorser.

*Reasonable time for demand.* A demand made nearly ten years after the giving of the note is not made within a reasonable time, within the rule that to bind the indorser of a demand note demand of payment must be made upon the maker within a reasonable time.

*Court and jury.* The question as to what is reasonable time, within the rule that to hold the indorser of a demand note, a demand for payment must be made upon the maker within a reasonable time, is one of law for the court where the facts are established, or admitted, as by a demurrer.

*Appeal from Sac District Court.*—HON. C. D. GOLDSMITH, Judge.

THURSDAY, OCTOBER 15, 1896.

DEFENDANT'S motion to strike certain parts of the plaintiffs' amended and substituted petition was sustained, and also their demurrer to said petition as it stood after striking out the matter in said motion complained of. Plaintiffs electing to stand upon their petition, judgment was entered against them for costs, from which they appeal.—*Affirmed.*

*R. M. Wright* and *Tait & Jackson* for appellants.

From the terms of the note itself it clearly appears that it was the intention of the parties that the note should be a continuing security, and that at the option

of the holder it might be a continuing security for more than a year. Such intention harmonizes with all the provisions of the note, and tends to effectuate the object for which it was indorsed to plaintiffs. *Merritt v. Todd*, 23 N. Y. 28 (80 Am. Dec. 243); *Payne v. Gardiner*, 29 N. Y. 146; *Herrick v. Woolverton*, 41 N. Y. 581 (1 Am. Rep. 461); *Wheeler v. Warner*, 47 N. Y. 519 (7 Am. Rep. 478); *Pardee v. Fish*, 60 N. Y. 265 (19 Am. Rep. 176); *Crim v. Starkweather*, 88 N. Y. 339 (42 Am. Rep. 250); *Parker v. Stroud*, 98 N. Y. 379 (50 Am. Rep. 685); *Shutts v. Fingar*, 100 N. Y. 539 (53 Am. Rep. 231).

In England it has been held and such is the general current of authority, that a negotiable note, payable on demand, does not become overdue by mere lapse of time, so as to let in the maker to an equitable defense at the suit of the indorsee. *Barough v. White*, 4 Barn. & C. 325.

The obvious policy of this rule is to make this species of paper at all times a safe circulating medium, and to place it upon the same footing as other negotiable paper before maturity. *Brook v. Mitchell*, 9 Mees. & W. 14; *Stewart v. Smith*, 28 Ill. 408.

In *Carll v. Brown*, 2 Mich. 401, it is held that as to what shall be reasonable time in which a note payable on demand shall be considered overdue, is a matter to be determined by the court upon the facts of each particular case. This holding will bring this class of paper within an alleged rule which is no rule at all.

See also *Stevens v. Bruce*, 21 Pick. 193; *Ranger v. Cary*, 1 Met. 369; *Losee v. Dunkin*, 7 Johns. 70, 5 Am. Dec. 245; *Sanford v. Mickles*, 4 Johns. 224; *Vreeland v Hyde*, 2 Hall, 429.

Made, as the indorsement was in the case at bar, at the time of the making of the note, it should be regarded as a continuing security, and would not be

overdue in the hands of the plaintiffs herein, either so as to open equities, or to discharge the indorser until payment had been demanded and refused.

Byles, Bills, Sharswood's Ed. 338; *Turner v. Iron Chief Min. Co.*, 74 Wis. 355, 5 L. R. A. 533.

The maker's removal into another state after the making of a note removes the necessity of any demand.

*M'Gruder v. Bank of Washington*, 22 U. S. 9 Wheaton 598, 6 L. Ed. 170; *Gist v. Lybrand*, 3 Ohio, 308, 27 Am. Dec. 595; *Caldwell v. Porter*, 17 N. H. 27; *Foster v. Julien*, 24 N. Y. 28, 80 Am. Dec. 320; Smith's Mercantile Law, Pomeroy's Ed. Pon Croy, section 303; *Eaton v. McMahon*, 42 Wis. 487.

If the maker leave the state, it is not necessary for the holder to follow him in order to make presentment. 35 L. R. A.

Note to *Hepburn v. Toledano* (La.) 13 Am. Dec. 345.

Where the note is made payable at a town generally, without naming any particular place, and the maker has, after the execution of the note, become and continued to be a non-resident of the state, it is not necessary to make demand at the town where the note was in terms made payable.

Edwards, Bills & Notes, page 158; *Whitely v. Allen*, 56 Iowa, 226.

*W. H. Hart* and *S. M. Elwood* for appellee.

A demand note is due forthwith.

The contract which the indorser makes when he puts his name upon the back of a note in which he is the payee, is, "that he will discharge the note according to its tenor upon due presentment and notice, that the instrument itself and all prior signatures are

genuine, that he has the right to transfer it, and that it is valid."

2 Am. & Eng. Enc. Law, page 385; 1 Dan. Neg. Inst. 3d Ed. page 596, paragraph 669a.

This court has frequently held that "a note indorsed after due must be presented to all the makers for payment within a reasonable time, and notice of non-payment must be given to the indorser immediately."

*Graul v. Strutzel*, 53 Iowa, 712 (36 Am. Rep. 250); *McKewer v. Kirtland*, 33 Iowa, 348; *Pryor v. Bowman*, 38 Iowa, 92.

A note when overdue is, by the best authorities, considered equivalent to a note or bill on demand.

*McKewer v. Kirtland*, 33 Iowa, 348, citing 1 Parsons Notes & Bills, 381, and cases cited in note (g) 519.

A note, payable on demand, is to be treated the same, at least so far as requiring diligence on the part of the indorsee, in demanding payment and giving notice of dishonor to the indorser is concerned, as a note indorsed overdue.

*Nye v. Lothrop*, 94 Mich. 411; *Field v. Nickerson*. 13 Mass. 131; *Hitchings v. Edmands*, 132 Mass. 338; *Fenno v. Gay*, 146 Mass. 118; *Wheeler v. Warner*, 47 N. Y. 519 (7 Am. Rep. 478); *McMullen v. Rafferty*, 89 N. Y. 456, 2 Am. & Eng. Enc. Law, pages 327, 396; *Palmer v. Palmer*, 39 Mich. 487 (24 Am. Rep, 605); *Turner v. Iron Chief Min. Co.*, 74 Wis. 355, 5 L. R. A. 533.

Much of the reasoning in *Merritt v. Todd*, 23 N. Y. 28, 80 Am. Dec. 243, seems to have been disapproved by subsequent cases in the same court.

*Herrick v. Wolverton*, 41 N. Y. 581 (1 Am. Rep. 461); *Wheeler v. Warner, supra*; *Pardee v. Fish*, 60 N. Y. 266 (19 Am. Rep. 176); *Crim v. Starkweather*, 88 N. Y. 339 (42 Am. Rep. 250); *Parker v. Stroud*, 98 N. Y. 379 (50 Am. Rep. 685); *Shutts v. Fingar*, 100 N. Y. 541 (53 Am. Rep. 231).

A demand note must be protested and notice given within a reasonable time, to hold an indorser; and the fact that the indorsement was for accommodation, and that the note bears interest, makes no difference.

*Thielman v. Gueble,* 32 L. Ann. 260 (36 Am. Rep. 267); 80 Am. Dec. 250, 254; 1 Dan. Neg. Inst. (Third Ed.) page 546, section 610.

The preservation of the rights of indorsers cannot be secured by a rule dispensing with demand and notice in case of non-residence of the maker.

*Farwell v. St. Paul Trust Co.,* 45 Minn. 495; *Michaud v. Legarde,* 4 Minn. 43; *Hart v. Eastman,* 7 Minn. 74; *Herrick v. Baldwin,* 17 Minn. 209 (10 Am. Rep. 161); Story Prom. Notes, sections 230, 286; 1 Dan. Neg. Inst. 580; 5 Am. & Eng. Enc. Law, page 528, section 41, paragraph (g).

Although the law might go so far as to say that it would not be necessary to make demand in a case similar to the one at bar, still it would be necessary to give the indorser notice of non-payment.

2 Dan. Neg. Inst. pages 31, 32, sections 971, 54, sections 996, 151, section 1111, and note 3 under said section, citing *Price v. Young,* 1 McCord, L. 214; Norton, Bills & Notes (Hornbook Series) page 300; 2 Am. & Eng. Enc. Law, page 407; *Freeman v. O'Brien,* 38 Iowa, 406.

The question of what is a reasonable time, is clearly one for the court, where there is no dispute as to the facts.

See 1 Dan. Neg. Inst. page 549, section 612.


GIVEN, J.—Plaintiffs seek by this action to charge the defendant as indorser of the note set out, which note and indorsement are as follows:

"$2,225.00.    Dayton, Iowa, Jan. 22nd, 1884.

"On demand, —— after date, for value received, we promise to pay to Jonas O. Olson, or order, twenty-two hundred and twenty-five dollars, at Dayton, Iowa, with interest at ten per cent. per annum, payable annually. And interest in arrears shall draw ten per cent. till paid, and, in case of non-payment of interest when due, the whole sum of principal and interest to become due and collectible at the holder's option. And in any action that may be brought for any sum due under the provisions of this note, by the holder hereof, he shall be entitled to recover of the maker hereof, a reasonable sum as attorney fees, to be fixed by court.

"No. ——. Due ——.

"M Olson,
"C. M. Olson.

"Pay Arah Leonard, Saml. Burnquist, Louis Ericson, Miles Allen, Lars Poulson, or order.

"Jonas O. Olson."

It will be observed that this note is payable on demand, after date, at Dayton, Iowa; is dated January 22, 1884; and provides for interest at ten per cent. per annum, payable annually, and for interest on arrears of interest. The indorsement by appellee is without date, and it is not questioned but that under the decisions it is presumed that the note was assigned on the day it was executed. *Hayward v. Munger*, 14 Iowa, 517.

It is alleged in the petition "that on the 13th and 16th days of January, A. D. 1894, demand was made for the payment of the note sued on, upon the makers thereof, and payment was refused, and notice of such demand and such refusal was on said days duly given to this defendant, and said note was duly protested for non-payment thereof; and said plaintiffs are the owners of said note, and the same is wholly unpaid,

except as has been hereinbefore stated." Appellant contends for the rule "that an interest-bearing demand note is a continuing security, and that the same, providing that it be still a subsisting claim against the maker, is not due, in so far as the indorser is concerned, until demand has been made." Applying this rule, it is insisted that the demand, protest, and notice alleged are sufficient to charge appellee as indorser. Appellee contends "that, to charge the indorser of the note sued on in this action, said note should have been presented at once after maturity, payment demanded, protest for non-payment, and notice of dishonor given the indorser not later than the following day"; also, "that a demand note is due forthwith." Relying upon this as the rule, he contends that he is not liable under the allegations of the petition as to demand, protest, and notice. An examination of the authorities cited, as well as of many others, confirms the statement of counsel that there is much diversity of opinion as to the rule in such cases.

Some courts have held that such a note is due the day it is made, and that, in order to charge the indorser, the rule was exactly the same as in the case of a note due on a day certain,—that demand must be made at once, the note protested for non-payment, and notice given not later than the following day. Other courts held that, in order to charge the indorser, payment must be demanded, the note protested, and notice given to the indorser within a reasonable time; while others held that an interest-bearing demand note is a continuing security, and that, so long as it is a subsisting claim against the maker, it is not due, so far as the indorser is concerned, until demand has been made. We do not find that this court has ever passed upon this question, and therefore, we have examined with care the many authorities upon that subject. They are numerous and somewhat conflicting, and we

will not attempt to quote from or cite them at length, but only such as seem necessary to make plain the conclusion we reach. There is some conflict in the decisions as to when such a note becomes due as to the maker, but, as our inquiry is when it becomes due as to the indorser, we need not inquire as to the maker. It has been held by the courts of England that a negotiable note payable on demand, with interest, does not become overdue by mere lapse of time, but is a continuing security. *Barough v. White*, 4 Barn. & C. 325; *Brooks v. Mitchell*, 9 Mees. & W. 14. In *Merritt v. Todd*, 23 N. Y. 29, it is held that a "promissory note, payable on demand, with interest, is a continuing security. An indorser remains liable until an actual demand, and the holder is not chargeable with neglect for omitting to make such demand within any particular time." It is upon these authorities that appellant mainly relies, and, if they announce the better doctrine, the appellant's contention must be sustained. The case of *Merritt v. Todd*, has been the subject of criticism in later decisions by that court, and the doctrine therein announced is adhered to because of its being so long acquiesced in, rather than because of its announcing the better rule. See *Shutts v. Fingar*, 100 N. Y. 541 (3 N. E. Rep. 588); *Payne v. Gardiner*, 29 N. Y. 146; *Herrick v. Wolverton*, 41 N. Y. 581; *Wheeler v. Warner*, 47 N. Y. 519; *Pardee v. Fish*, 60 N. Y. 266; *Crim v. Starkweather*, 88 N. Y. 339; *Parker v. Stroud*, 98 N. Y. 380. The case of *Merritt v. Todd* has been expressly repudiated in Louisiana, in *Thielman v. Gueble*, 32 La. Ann. 260. It is said of this case that it differs from the entire current authorities, was decided by a divided court, and its correctness questioned. "However, even did its reasoning raise a doubt in our minds as to the correctness of the general commercial law, we would hesitate long before departing from the general rule

of the law merchant on the authority of one decision, which, has been aptly said, was a departure from every case in this country previously decided on the same. point,"—citing *Herrick v. Woolverton, supra.* The same view is taken of the case in *Turner v. Mining Co.* (Wis.) (5 L. R. A. 533) (43 N. W. Rep. 149). In *Thielman v. Gueble, supra,* it is said: "The universal rule, we take it, is that a demand note must be presented within a reasonable time; and, while the text writers and books are full of cases wherein the question of what constitutes reasonable time is discussed, we have been referred to no authority, except one case, *Merritt v. Todd,* questioning the general rule that reasonable time is the criterion by which to fix the period of. presentment on demand notes,"—citing many authorities. In the *Case of Turner, supra,* the court of Wisconsin says: "This ruling seems to be in harmony with the current of authority in this country, as appears from the valuable notes by Mr. Freeman in *Merritt v. Todd,* 80 Am. Dec. 250–254." In those notes it is said in respect to the rule announced in *Merritt v. Todd:* "But in this country the rule is modified, and the general doctrine seems to be that a promissory note, payable on demand, will be considered overdue and dishonored unless payment is in some manner demanded within a reasonable time,"—citing *Carll v. Brown,* 2 Mich. 402; *Mudd v. Harper,* 54 Am. Dec. 644; *Nevins v. Townsend,* 6 Conn. 5; *Thurston v. McKown,* 6 Mass. 428; *Field v. Nickerson,* 13 Mass. 138; *Ranger v. Cary,* 1 Metc. (Mass.) 369; *Furman v. Haskin,* 2 Caines, 368; *Sice v. Cunningham,* 1 Cow. 410; *Sandford v. Mickles,* 4 Johns, 224; *Losee v. Dunkin,* 7 Johns, 70; *Lockwood v. Crawford,* 18 Conn. 361. An examination of these cases shows that they fully sustain the statement in the note.

Following the general current of authorities and what we deem to be the better reasons, we· hold that

a demand note, whether with or without interest, only matures, as to an indorser thereof, when payment is demanded, and that payment must be demanded within a reasonable time. What is a reasonable time has been the subject of much discussion, and no uniform rule has been or can be declared, as the question must be determined by the facts of the case. Where the facts are established, or where they are admitted, as on a demurrer, the question is one of law for the court. The time that elapsed in this case lacked but a few days of ten years, and we do not find any case holding that anything like such a length of time would be a reasonable time within which to demand payment. The demand alleged was not within a reasonable time.

II. One of the allegations stricken from plaintiffs' petition on defendant's motion is as follows: "That at once after the indorsement of the note sued on, and about the —— day of February, 1884, the said Martin Olson and C. M. Olson, his wife, left the state of Iowa, and have never since resided in said state, but at said time became non-residents thereof."

Appellants contend that the removal of the makers at once from the state, and their continued residence out of the state, made demand, protest, and notice unnecessary to charge the indorser. Here, again, we find conflict in the authorities; some holding that in such cases demand must be made at the last known place of residence within the state; for the reason that the maker may have made arrangments to meet his obligation at his previous domicile. *Wheeler v. Field*, 6 Metc. (Mass.) 290; *Bank v. Cox*, 13 Gray, 503; 2 Daniel, Neg. Inst. 1145. In *McGruder v. Bank*, 9 Wheaton, 600, the supreme court of the United States uses this language: "But the question of the recent removal into another jurisdiction is a new one, and one of some nicety. In case of original residence in a

state different from that of the indorser, at the time of taking the paper, there can be no question; but how far, in case of subsequent and recent removal to another state, the holder shall be required to pursue the maker, is a question not without its difficulties. We think that reason and convenience are in favor of sustaining the doctrine that such a removal is an excuse from actual demand. Precision and certainty are oftener of more importance to the rules of law than their abstract justice. On this point there is no other rule that can be laid down which will not leave too much latitude as to place and distance, besides which it is consistent with analogy to other cases that the indorser should stand committed, in this respect, by the conduct of the maker. For his absconding or removal out of the kingdom, the indorser is held, in England, to stand committed; and although, from the contiguity, and, in some instances, reduced size, of the states, and their union under the general government, the analogy is not perfect, yet it is obvious that a removal from the seaboard to the frontier states, or vice versa, would be attended with all the hardships to a holder, especially one of the same state with the maker, that could result from crossing the British channel.' See, also, *Gist v. Lybrand,* 1 and 4 Ohio Cond. R. 591; *Foster v. Julien,* 24 N. Y. 28; *Cadwell v. Porter,* 17 N. H. 28; *Eaton v. McMahon,* 42 Wis. 484. In some of the cases it is said that a removal of the maker out of the state after the making of the note, and before its maturity, excuses the holder from presentment and demand. We have seen that, whatever the rule may be as to the makers, this note was not due as to the indorser until demand was made or excused, and, therefore, the removal as alleged, was after the making of the note, and before its maturity.

The rule best sustained by reason and authority is "that such a removal is an excuse from actual

demand," unless the note is payable at a particular place, in which case demand must be made in that place. This note is payable at "Dayton, Iowa." Edwards on Bills and Notes (page 158), uses this language: "And it is at length settled in England by the statute, and in this country by the general current of authorities, that a bill of exchange made or accepted, payable at a particular place, is to be treated as a bill payable generally, unless it is expressly made payable at that place alone. It is idle to make a bill of exchange payable in a particular city, without naming some house or bank at which it is to be paid; and, if the drawee does not reside in the city named as the place of payment, it is not at all necessary that the bill should be sent to that place, and there protested for non-payment. The law requires no useless ceremony, and therefore the absence of the party from the place of payment, dispenses with the necessity of going to the place where it is known the party cannot be found; but, if it be made payable at a particular place in the city, it is certainly necessary to present the note there for payment for the purpose of charging the indorser." While it is not alleged, as in *Whitely v. Allen*, 56 Iowa, 224 (9 N. W. Rep. 190), that the makers left no one to represent them, yet we conclude that under the general current of authorities, and the facts alleged, plaintiffs were excused from making demand of payment. An examination of the opinion in *McGruder v. Bank, supra*, shows that the head-note, wherein it is said, "It is sufficient to present the note at the former place of residence of the maker," is not sustained by the opinion. See, also, *Foster v. Julien, supra*.

III. Appellants contend that, by reason of the removal and non-residence of the makers of the note, they were also excused from giving appellee notice of non-payment. The purpose of such notice is

to inform the indorser of the fact of non-payment that he may proceed for his own protection, and it seems to us that the same reasons exist for giving the notice where, because of the facts, demand is excused, as when demand is made. In *Caldwell v. Porter, supra*, it is said: "But the removal of the maker, which dispensed with the demand of payment, did not dispense with the notice required in general to be given to the indorser of the dishonored note." In section 1144, 2 Daniel, Neg. Inst., it is said: "But the absconding of the drawee, acceptor, or maker, is no excuse for want of notice to the drawer or indorser, who all the more need to be put upon their guard,"— citing *May v. Coffin*, 4 Mass. 341. Recent decisions place an absconding debtor upon the same footing as one merely removed into another jurisdiction. *Pierce v. Cate*, 12 Cush. 190. It is further said, in effect, that, under facts which excuse demand, "want of notice is altogether excused;" citing Story, Prom. Notes, section 356. To so say, we think, ignores the very purpose of such notice. In *Price v. Young*, 1 and 2 McCord, 214, it is said: "Where a demand cannot be made, the law does not dispense with notice. The circumstances which prevent it and the notice are still required. It was the duty of the holder in this case, admitting that a demand could not have been made, to have given the defendant notice, in as short a period after having ascertained that the demand could not be made, as he could have been required to do if a demand had been made." Appellants being unable, by reason of the non-residence of the makers of the note, to make demand within a reasonable time, should have given notice of that fact, and the fact of non-payment, to appellee within a reasonable time.

It is also alleged in that part of the petiton stricken out that the makers of the note "are now, and at all times since the said indorsements have been,

insolvent." Appellants insist that this fact was a sufficient excuse for not making a demand and giving notice, because appellee was not prejudiced by such omission. In *Farwell v. Trust Co.* (Minn.) (48 N. W. Rep. 326, 327), it is said: "The claim that, because of insolvency and absence from the state of the makers of the notes when the greater number matured, demand of payment of these and notice of non-payment were excused, is without merit. It was the duty of the appellants to present the notes as they matured, at the place fixed for payment, notwithstanding the insolvency of the makers when a portion thereof matured, and their removal from the state at a time thereafter, not definitely fixed." Surely, insolvency alone can never excuse demand and notice.

Our conclusion is that, while the petition alleged facts sufficient to excuse demand, it shows no facts to excuse the failure to give notice of non-payment within a reasonable time. Therefore, there was no error prejudicial to the appellants in sustaining appellee's motion to strike from the petition, and no error in sustaining appellee's demurrer to the petition.— AFFIRMED.