## BEALL v. RUSSELL.

(Supreme Court, Appellate Term.   April 9, 1912.)

1. BILLS AND NOTES (§ 214*)—RIGHTS—TRANSFER—"CHOSE IN ACTION."

A negotiable instrument is a "chose in action," and may be assigned either before or after maturity, with or without indorsement.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 492, 493, 505–510, 512, 513, 517; Dec. Dig. § 214.*

For other definitions, see Words and Phrases, vol. 2, pp. 1144–1148; vol. 8, p. 7602.]

2. BILLS AND NOTES (§ 347*)—TRANSFER AFTER MATURITY—RIGHTS TO TRANSFER.

After maturity a holder of a negotiable instrument can transfer only his own title to it, and his transferee is not a holder for value in due course.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 870–897; Dec. Dig. § 347.*]

3. BILLS AND NOTES (§ 173*)—NEGOTIABLE AFTER MATURITY.

A note, negotiable when made, is still a negotiable instrument after maturity, as between the original parties.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 365; Dec. Dig. § 173.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

4. BILLS AND NOTES (§ 518*)—ACTION—PRESUMPTION—CONSIDERATION.
    After maturity, a negotiable note is deemed prima facie to have been issued for a valuable consideration.
    [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1816–1821; Dec. Dig. § 518.*]

5. BILLS AND NOTES (§ 465*)—TRANSFER AFTER MATURITY—ACTION—PLEADING.
    In an action upon a negotiable note, transferred after maturity, the absence of consideration is a matter of defense against the transferee, and need not be negatived in the complaint.
    [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1477–1479; Dec. Dig. § 465.*]

6. BILLS AND NOTES (§ 394*)—NOTE PAYABLE AT FIXED TIME—DEMAND.
    No demand is necessary to hold the maker of a note payable at a definite time, and, his liability being then complete, an assignment thereafter will not affect it.
    [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 996–1050; Dec. Dig. § 394.*]

Appeal from City Court of New York, Trial Term.

Action by Edgar C. Beall against David A. Russell. From a judgment for defendant, after dismissal of the complaint at the trial for failure to state a cause of action, plaintiff appeals. Reversed, and new trial granted.

Argued March term, 1912, before GUY, LEHMAN, and BIJUR, JJ.

Milan Day Barnes, for appellant.

Gordon S. P. Kleeberg, for respondent.

LEHMAN, J. The complaint herein alleges that the defendant made and delivered to plaintiff's assignor his promissory note in writing, drawn to his own order, payable two months after date, that the note "was indorsed by the defendant in blank," that it was assigned and delivered to the plaintiff for a valuable consideration before the commencement of the action, that plaintiff is now the owner and holder thereof, and that no part of the note has been paid. At the trial the defendant moved to dismiss the complaint upon the grounds that the complaint alleged no demand, that it contained no allegation that the note was made for value, and contained no allegation that the note was indorsed before maturity. The trial justice granted this motion, and dismissed the complaint.

[1] There is, of course, no doubt but that a negotiable instrument is a chose in action, and, like other choses in action, may be assigned, either before or after maturity, with or without indorsement. The defendant, however, claims that an assignment made by indorsement after maturity is merely an assignment of a chose in action, and not of a negotiable instrument, and that therefore the plaintiff, having failed to allege indorsement and delivery before maturity, must allege both demand and consideration.

[2, 3] "It is true that after maturity a holder of a negotiable instrument can transfer only his own title to the instrument, and that the transferee is not a holder for value in due course; but a promissory

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

note, negotiable when made, undoubtedly continues to be negotiable after it becomes due and has been dishonored, in respect of all parties to the note who were liable upon it at its maturity and whose liability has not been discharged." Leavitt v. Putnam, 1 Sandf. 199. See, also, opinion of Court of Appeals in same case, 3 N. Y. 494, 53 Am. Dec. 322.

[4, 5] The instrument is still a negotiable instrument as between the original parties, and is deemed prima facie to have been issued for a valuable consideration, though the absence of consideration is a matter of defense against the transferee. It follows, therefore, that consideration need not be alleged.

[6] It has never been held that demand is necessary to hold the maker of a promissory note payable at a definite time. If the instrument was indorsed after maturity, his obligation to pay was then complete, and an assignment of the cause of action against him neither increases nor diminishes his liability. The cases which hold that demand must be promptly made where an instrument is indorsed after maturity are cases where the holder attempted to hold his own indorser liable upon the indorsement. Leavitt v. Putnam, supra.

Judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.